(100 South. 404)

No. 24782.

## ELFANT v. TRAHAN.

(March 31, 1924. Rehearing Denied by Division A May 12, 1924.)

*(Syllabus by Editorial Staff.)*

1. Sales ⬤≈288(6)—Purchaser of tractor held estopped to resist payment of price because guaranteed horse power not developed.

In action on note for purchase price of tractor, defendant's conduct in paying another note and in failing to complain *held* to estop him from resisting payment on ground that tractor did not develop guaranteed horse power.

2. Sales ⬤≈267—Warranty of tractor held not to exclude responsibility for negligence.

Warranty by seller of tractor to replace defective parts within six months *held* not to exclude responsibility for negligence on manufacturer's part.

3. Sales ⬤≈288(4)—Purchaser of tractor held precluded from alleging defects therein, by delay in making complaint.

Where purchaser of tractor was sued on purchase-money note, *held* that he could not defend on ground that tractor was defective, where he had failed to complain of defects within time limited by contract, and until long after defects had appeared.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Action by L. Elfant against G. P. Trahan. Judgment for plaintiff, and defendant appeals. Affirmed.

Dickson & Denny, of Shreveport, for appellant.

David B. Samuel and Edward Barnett, both of Shreveport, for appellee.

By Division B, composed of DAWKINS, LAND, and LECHE, JJ.

LECHE, J. The demand in this case is founded upon an open account amounting to $680.96 and upon a note dated June 10, 1920, for $1,457.63. The district court rendered judgment as prayed for by plaintiff, and defendant has appealed.

On June 10, 1920, defendant bought through plaintiff, from the Holt Manufacturing Company, Inc., of Peoria, Ill., one 5-ton Holt caterpillar tractor for the price of $5,342.31. Of this amount, defendant paid part cash, and in representation of the balance of the purchase price, he made and subscribed two promissory notes to his own order and by himself indorsed in blank, each for the sum of $1,457.63, due respectively in 30 and 60 days, and bearing 8 per cent. interest from date until paid. These notes were identified with a notarial act in which they are secured by mortgage upon the tractor, and in which all other security clauses are contained. Defendant paid the first note on July 20, 1920, and when presently sued upon the other note and upon the open account, for parts and accessories which he bought for use on said tractor, he pleads, in substance that said tractor did not come up to guarantee, that it lacked power and that it was imperfect and defective in many respects. He prays for the return of his note and of the cash that he has paid on the purchase price, and he additionally prays for damages in the sum of $5,216.62.

For the purposes of passing upon the merits of the case, plaintiff, who is the local agent of the Holt Manufacturing Company, at Shreveport, La., has been appropriately considered as occupying the same position which would be occupied by that company if suit had been brought in its own name. It is not disputed that Elfant, whether he be personally interested or not, has authority to litigate the issues here involved, with the same responsibility and with the same rights as might inhere in the Holt Company.

The sale by plaintiff to defendant contains the following stipulation:

"The caterpillar tractor hereinabove specified is warranted to deliver forty brake horse power and twenty-five drawbar horse power at sea level. If inside of six days from date of unloading at destination it should prove incapable of meeting this warranty, the undersigned purchaser shall give notice by registered letter or telegram to the Holt Manufacturing Company at Peoria, Ill., U. S. A., stating wherein it fails, and shall allow a reasonable time for the company to send a man to remedy the cause, if any, the purchaser rendering necessary and friendly assistance. If the tractor cannot then be made to meet substantially the above warranty, the undersigned purchaser shall return it f. o. b. cars or boat at shipping point where received, and the Holt Manufacturing Company shall return all money given in payment, which, when done, shall be a complete settlement of the entire transaction. Failure to give notice as above or the continued possession or operation of the tractor beyond the period of six days above mentioned, shall be conclusive evidence that the tractor fills the above warranty."

This stipulation was made a condition of the contract, and it was unreservedly accepted by defendant.

[1] The evidence shows that the tractor was unloaded and delivered to defendant on June 23, 1920, that defendant made no complaint as to its guaranteed horse power, either by registered letter or by telegram, within six days, or for that matter until the latter part of September, or in October, 1920. It shows that he obtained a few days of grace on the first due note, and that he paid it without complaint on July 20, 1920. Defendant's conduct and actions therefore clearly estop him from resisting payment of the second note on the ground that the tractor did not develop the guaranteed horse power.

Defendant also complains that the tractor was imperfect and defective in many respects, some of the defects being latent and not discoverable on inspection, that the parts

for which he is being sued were for replacements made necessary by such defects, against which he had been guaranteed for a period of 90 days.

The contract contains another warranty clause in the following language:

"Should any parts prove defective within six months from date of delivery through defective material or inferior workmanship, replacements shall be made by the Holt Manufacturing Company, f. o. b. cars at Peoria, Ill., U. S. A. The parts claimed to be defective are to be returned prepaid to the Holt Manufacturing Company at its factory in Peoria, Ill., U. S. A., for inspection, and if found defective as claimed, the charge made for the new parts will be remitted."

[2] This is the only warranty, beside the one hereinbefore quoted, contained in the sale of the tractor. It is practically worded in the standard form adopted by all automobile manufacturers. Of course it cannot exclude responsibility for negligence on the part of the manufacturer.

The record shows that defendant received and accepted the tractor on the 23d day of June, 1920; that he made a cash payment when he signed the contract, in a sum amounting to about one-half of the purchase price; that on the 20th day of July, one month after receiving the machine, he paid the first note, amounting to nearly $1,500; that he used the tractor for the purposes for which he had bought it, until October 18, 1920, when he shipped it by rail from Farmersville to Shreveport, consigned to himself. At his request plaintiff unloaded it from the car and brought it to his shop or garage, where, according to and pursuant to the instructions of defendant, it was to be overhauled and repaired. During all this time, from June 23 to October 18, 1920, the second note, sued on in this case, remained unpaid through the indulgence of plaintiff and at the earnest solicitation of defendant, and no word of complaint was uttered by defendant to plaintiff as to the efficiency of the tractor.

It is true that defendant did have some trouble in operating the tractor, but it also appears that plaintiff remedied this trouble as soon as it was brought to his attention. But defendant, in his testimony does not pretend that the Holt Company was ever sent any defective parts or that the Holt Company ever failed to comply with its written guarantee to replace the same.

It was only after defendant had completed his work near Farmersville, had returned the tractor to Shreveport, and that plaintiff had accepted delivery, on its return, for the instructed purpose of overhauling and repairing it, that defendant openly and expressly refused to pay his note and stated to plaintiff that the Holt Company would have to give him a new tractor or return his money.

[3] Defendant's conduct and actions are utterly inconsistent with the position he now assumes in his defense against the demand of plaintiff. We do not assert that such defense as claimed by plaintiff is only an afterthought, as it seems to be, but we do assert that defendant should have made the grievous and serious complaints which are contained in his answer as soon as the alleged defects appeared, long before October, and before completing the work which he had undertaken around Farmersville.

It is shown that the parts and accessories sued for herein, were sold and delivered to defendant, and this defendant does not deny, though he claims that he is not liable for the same.

The judgment of the district court was in favor of plaintiff as prayed for, and, believing that it is correct, it should be affirmed, and

It is so ordered.

Rehearing refused by Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.